Robert K. Baldwin
Trent M. Gardner
Jeffrey J. Tierney
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Ph:     (406) 587-0618
Fax:    (406) 587-5144
email: rbaldwin@goetzlawfirm.com
          tgardner@goetzlawfirm.com
          jtierney@goetzlawfirm.com

Attorneys for High Country Paving, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| HIGH COUNTRY PAVING, INC., <br><br> Plaintiff, <br> v. <br><br> UNITED FIRE & CASUALTY CO., <br><br> Defendant. | Cause No. 9:18-cv-00163-DWM <br> Hon. Donald W. Molloy <br><br> **JOINT DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f)(3), L.R. 16.2(b)(2) and the Court's Order (for Preliminary Pretrial Conference) (Doc. 14), Plaintiff High Country Paving, Inc. ("Plaintiff") and Defendant United Fire & Casualty Co. ("Defendant") submit the following joint discovery plan.

A.  CHANGES TO TIMING, FORM OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(a).

The parties do not anticipate the need for any changes to the form or requirement of the Rule 26(a) disclosures. The parties have already served their Rule 26(a)(1)(A) initial disclosures.

B.  DISCOVERY SUBJECTS AND SCHEDULE.

The parties anticipate that discovery may be needed regarding the parties' claims and defenses, as well as damages. The parties do not anticipate the need to conduct discovery in phases or limit it to or focus it on particular issues.

The parties agree that discovery should be completed by **December 20, 2019.**

C.  DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION.

The parties discussed the disclosure, discovery and preservation of electronically stored information, including email, correspondence and other electronic files maintained by the parties. The parties agreed that they will make initial production in .pdf format, without prejudice to any party's right to seek production of any electronically-generated or electronically-stored documents in native format. The parties will

preserve all electronically stored information in native format and produce as appropriate.

### D. PRIVILEGE CLAIMS OR ISSUES.

Defendants are raising advice of counsel as a defense.

1. Defendant's position on other privilege issues.

Defendant maintained a claims file with respect to the claims against High Country. Defendant is not asserting privilege to the contents of that file other than the portion of the file pertaining to the criminal defense provided to the driver of the dump truck involved in the accident and documents regarding High Country's bad faith claim against United Fire. The criminal defense was provided to Mr. Pearson and only he can waive the work product and/or attorney client privilege.

Defendant maintained a separate file regarding coverage for the claims against High Country, settlement demands made directly against United Fire, and the conflicting bad faith claims against United Fire by Mary Elgen and the Estate of Fogerty and High Country. Defendant is waiving privilege with respect to this file from the inception of the file until December 8, 2017 when United Fire paid policy limits without a release of claims against High Country. At that

point, High Country was threatening to sue United Fire and the actions taken thereafter were in anticipation of litigation with High Country, not Mary Elgen or the Estate of Fogerty.

Defendants are also producing the files of Matovich, Keller and Huso. Privilege is being waived up to December 8, 2017, when the actions taken by the law firm were in anticipation of litigation with High Country, not Mary Elgen or the Estate of Fogerty.

2. Plaintiff's position.

Plaintiff agrees with Defendant's position that all material in the claims and coverage files prior to December 8, 2017 are discoverable and not privileged.

As to documents from December 8, 2017 and later, Defendant has produced some documents and provided a privilege log for those withheld. Plaintiff is reviewing the privilege log.

As to the Matovich file, Defendant is asserting an advice of counsel defense. Accordingly, Plaintiff believes that Defendant has waived all privilege regarding the Matovich file, including on and after December 8, 2017.

3. Other issues.

The file from Nick Pagnotta of the Williams Law Firm has been produced. Neither party claims privilege as to his file.

Defendant intends to disclose Guy Rogers as a hybrid fact expert witness and state that he does not have a file.

The parties hope to resolve any issues that may arise without Court involvement.

E. **CHANGES TO THE LIMITATIONS ON DISCOVERY.**

The parties request that they be allowed 15 depositions of lay witnesses and, in addition, depositions of disclosed experts.

F. **ANY OTHER DISCOVERY OR SCHEDULING ORDERS.**

The parties do not anticipate the need for any orders under Rule 26(c) or Rules 16(b)–(c).

G. **EXPERT DISCLOSURES.**

The parties agreed to the simultaneous disclosure of all liability experts by **October 1, 2019.**

The parties agreed that the Plaintiff will disclose its damage experts by **October 1, 2019.**

The parties agreed that the Defendant will disclose its damage experts by **November 1, 2019.**

## H. AREAS OF EXPERT TESTIMONY.

The parties anticipate that likely areas of expert testimony will include liability experts regarding the claims and defenses, including insurance claims handling practices, applicable standards of care and breaches of the standard of care. The parties also anticipate expert testimony regarding damages.

DATED this 27th day of March, 2019.

**GOETZ, BALDWIN & GEDDES, P.C.**
Attorneys for Plaintiff


*/s/ Robert K. Baldwin*
Robert K. Baldwin
Trent M. Gardner
Jeffrey J. Tierney

**CROWLEY FLECK PLLP**
Attorneys for Defendant


*/s/ Jon T. Dyre*
Jon T. Dyre