Jon T. Dyre
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
jdyre@crowleyfleck.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISON

| | |
|---|---|
| HIGH COUNTRY PAVING, INC., | Cause No.: 9:18-cv-00163-DLC |
| Plaintiff, | |
| vs. | DEFENDANT'S PROPOSED CERTIFIED QUESTION AND SUPPORTING BRIEF |
| UNITED FIRE & CASUALTY CO., | |
| Defendant. | |

## INTRODUCTION

The Court has asked the Parties to submit a proposed certified question to the Montana Supreme Court on the issue of what an insurer is allowed to do when a third party claimant demands the insurer pay policy limits without requiring a release of claims against the insured, while at the same time the insured demands the insurer refuse to pay policy limits without a release all claims against the insured.

The parties have exchanged several letters proposing certified questions. High Country Paving (HCP) also claimed it had the "right" to add twenty some paragraphs of additional "facts" to the stipulated facts. United Fire & Casualty Company ("UFC") would not agree to HCP's demand to add more facts, and the parties could not come to an agreement on a certified question. Therefore, in accordance with the Scheduling Order, UFC submits the following proposed certified question and supporting brief.

## ARGUMENT

### 1. Controlling Authority

M. R. App. P. 15(3) permits the Montana Supreme Court (MSC) to answer a question of law certified to it by another qualifying court. The MSC's review of a certified question is "purely an interpretation of the law as applied to the agreed facts underlying the action." *N. Pac. Ins. Co. v. Stucky*, 2014 MT 299, ¶ 18, 377 Mont. 25, 338 P.3d 56 (*quoting Van Orden v. United Servs. Auto. Ass'n,* 2014 MT 45, ¶ 10, 374 Mont. 62, 318 P.3d 1042). The MSC will not determine questions of fact or to apply the law to the facts presented to it. *BNSF Ry. Co. v. Feit*, 281 P.3d 225, 227 (Mont. 2012).

### 2. UFC's Proposed Certified Question

UFC proposes the following certified question:

If an insured's liability for the damages caused to a third party in a motor vehicle accident is reasonably clear, and those damages exceed the limits of

the insured's liability policy, does the insurer have a duty under Montana law to pay policy limits, over the objection of its insured, to settle the claims of the third party without requiring a release of all claims against its insured, or is the insurer's duty to settle third party claims by paying policy limits without requiring a release of all claims against its insure limited to paying medical expenses, lost wages and other economic damage for which liability is reasonably clear?

This question states the conflicting positions of the parties. UFC believes that the law is clear that where liability for damages in excess of policy limits is reasonably clear, an insurer cannot condition the payment of policy limits on a release of all claims against the insured. The Montana Supreme Court has specifically stated:

> In summary, we hold that where liability resulting from an automobile accident is reasonably clear, and a third-party claimant's damages undisputedly exceed mandatory minimum policy limits pursuant to § 61-6-103, MCA, the prompt, fair, and equitable settlement of such claims cannot be forestalled by an insurer based on an illusory bad faith or breach of contract claim that its insured may be bring. To refuse payment based on such unfounded potential liability is, in and of itself, a deceptive trade practice within the meaning of § 33-18-201(6), MCA.
>
> Further, we hold that where an insured's liability for damages caused to a third party in an auto accident is reasonably clear, and those damages undisputedly exceed the mandatory limits set forth under § 61-6-103(2), MCA, it is an unfair trade practice *per se* under § 33-18-201, MCA, for an insurer to condition the payment of the owed mandatory minimum policy limits on the third party's agreement to provide a full and final release of all liability in favor of an insured.

*Watters v. Guaranty National Ins. Co.*, 2000 MT 91, ¶¶ 60-61, 300 Mont. 91, 3 P.3d 626 (2000).

The MSC modified *Watters* in 2003. The MSC held that the statutory obligation in § 33-18-201(6) to pay claims without a release did not mention the mandatory limits in § 61-6-103, and therefore duty to pay policy limits without a release where liability is reasonably clear was not limited to the minimum coverage required by § 61-6-103. *Shilhanek v. D-2 Trucking, Inc.,* 2003 MT 122, ¶ 21, 315 Mont. 519, 70 P.3d 721.

Both *Watters* and *Shilhanek* were based on the MSC's interpretation of § 33-18-201(6) MCA, which states no insurer shall:

> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

There is nothing in this statute that allows settlements to be conditioned upon the claimant agreeing to a release of the insured. Therefore "settlement" under this subsection means an agreement between the injured party and the insurer, and a release of the insured is <u>not</u> required. *Watters,* ¶ 41. The MSC said it was compelled to follow the clear language of the statute, and would not second guess the Legislature. *Id.*, ¶¶ 50-51.

The MSC modified *Watters* again in 2009. *Watters* defined the duty to settle under § 33-18-201(6) in terms of "undisputed" damages. In 2009, the MSC defined "reasonably clear liability" under § 33-18-201(6) in *Peterson v. St. Paul Fire & Marine Ins. Co.*, 239 P.3d 904. (Mont 2009). The new definition is that liability is reasonably clear when a reasonable person, with knowledge of the

relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff. *Id.*, ¶ 39.

The MSC then held in *Teeter v. Mid-Cent. Ins. Co.*, 2017 MT 292, 389 Mont. 407, 406 P.3d 464 (Mont. 2017), that that the reasonably clear standard from *Peterson* applied to both liability for the accident and liability for the specific damages claimed. *Id.*, ¶ 16. The *Peterson* definition standard has universal application. It was applied to a third party claim for failing to settle under § 33-18-201(6) in *Peterson*; to advance payment claims in *Teeter*; and to first party claims in *CQI, Inc. v. Mountain West Farm Bureau*, 2010 WL 3949383. These cases make it clear that the reference to "undisputed" damages in *Watters* has been changed to damages for which liability is reasonably clear as defined in *Peterson*.

UFC's certified question will allow the MSC to confirm that an insurer has a duty under § 33-18-201(6) to make a full and final settlement of all the claims and damage of a third party for which liability is reasonably clear by paying policy limits without requiring a full and final release of all claims against its insured. This duty is independent of and in addition to the duty to advance pay medical and other expenses under *Ridley*.

UFC's certified question also presents HCP position that an insurer's duty to settle without a release under § 33-18-201(6) is limited to claims for "economic damages are not subject to reasonable doubt." HCP argued the duty does not apply

to general damages because "general damages are never reasonably certain in amount." HCP Preliminary Pretrial Statement at pp. 23-24.

UFC believes there is no such limitation in § 33-18-201(6). The MSC's interpretation a "settlement" under § 33-18-201(6) has universal application. The statutory duty is to settle "claims," without any limits or descriptions of the types of claims that fall within that statutory duty. Therefore, "claims" means all claims. The question presented by UFC will put that issue squarely before the MSC.

**3. Response to Plaintiff's Proposed Certified Questions**

HCP has proposed several certified questions. The first was:

In an automobile accident case where the third-party claimants' *Ridley* damages and undisputed special damages are below liability policy limits, is the insurer's belief that general damages may take the verdict to an amount in excess of policy limits an absolute defense to its insured's claims of breach of the insurance contract or violation of the Unfair Trade Practices Act for paying policy limits to the claimants without obtaining a release of its insured.

This question contains multiple misstatements of the law. First, an insurer's 'belief' as to what "may" happen is not the governing standard for determining when settlements must be made under § 33-18-201(6). As noted, the proper standard is whether liability is reasonably clear. Second, an insurer's "belief" is not a defense to an UTPA claim. An insurer must have a reasonable basis in law or fact for its position to state a defense to an Unfair Trade Practices Act (UTPA) claim. *See* § 33-18-242(5). Third, the reference to "*Ridley*" damages and

undisputed special damages" is redundant. *Ridley* involved advance payment of medical expenses, which are "special damages."

Fourth, the reference to *Ridley* is outdated and unnecessary. The MSC has held that the argument that an insurer's obligation extends to all damages that are reasonably certain and directly related to the insured's negligence or wrongful act. *Dubray v. Farmers Insurance Exchange*, 2001 MT 251, ¶ 15, 307 Mont. 134, 36 P.3d 897. The Court confirmed this holding in *Lorang*:

> Nothing in *Ridley* suggests that its scope should be categorically limited to medical expenses." Rather, "the principle for which it stands," as we stated, is that "where liability is reasonably clear, injured victims are entitled to payment of those damages which are not reasonably in dispute without first executing a settlement agreement and final release.

*Lorang v. Fortis Insurance Co.*, 2008 MT 252, n. 25, 345 Mont. 12, 192 P.3d 186.

Fifth, the proposed question refers to payment of "undisputed" damages. As noted above, that is not the standard for determining which claims must be paid without a release. *Peterson v. St. Paul Fire & Marine Ins. Co.*, *supra*.

Finally, the reference to breach of contract is improper. The argument that an insurer has an express contractual duty to obtain a release was rejected in *Watters*, and therefore does not need to be part of a certified question. If the proposed question refers to a contractual breach of an implied duty of good faith and fair dealing, HCP is injecting factual issues in the certified question. The duty of good faith is defined as follows:

> The conduct required by the implied covenant of good faith and fair dealing is honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

§ 28-1-211 MCA.

The MSC cannot determine as a matter of law the reasonable commercial standards in the insurance industry. The MSC could, however, rule that reasonable commercial standards cannot contradict statutory duties under § 33-18-201(6), or finding that the UTPA is a more specific and controlling set of standards that supersede § 28-1-211 MCA.

HCP's next proposed questions was:

> In an automobile accident case where the third-party claimants' claimed special damages are below liability policy limits, is the possibility that general damages may take the verdict to an amount in excess of policy limits an absolute defense to its insured's claim of violation of the Unfair Trade Practices Act for paying policy limits to the claimants without obtaining a release of its insured?

Again, the "possibility" of what "might" occur is not a correct statement of the governing standard under § 33-18-201(6), nor is it a position that has been advocated by either party in this case.

HCP's alternative proposed certified question was:

> Can it be a breach of an insurer's duty to its insured under the UTPA to pay policy limits to a third party in a motor vehicle accident without a release of its insured where total claimed special damages are below policy limits but total damages (including general damages) might exceed policy limits?

Again, the "possibility" of what "might" occur is not a correct statement of the governing standard under § 33-18-201(6). In addition, this question is phrased in terms of a breach of a duty, which is generally a question of fact. The MSC only accepts certified questions of law. The Court does not apply the law to the facts presented. *BNSF v. Feit*, 281 P.3d 225, 227 (Mont. 2012).

Finally, HCP's demand to add twenty some paragraphs of unnecessary, incomplete and therefore misleading "facts" must be rejected. The MSC provides an interpretation of the law as applied to the agreed facts underlying the question. The legal interpretation sought by the Court is UFC's duties when HCP's liability for the accident in question was reasonably clear, and it was faced with a demand by the injured parties to be paid policy limits without a release of the insured, and the insured's demand not to pay limits without a release of the insured. The "facts" sought to be added are not necessary for the MSC to define those duties.

Dated this 15st day of April, 2019.

    CROWLEY FLECK PLLP

    */s/* Jon T. Dyre
    Jon T. Dyre
    CROWLEY FLECK PLLP
    500 Transwestern Plaza II
    P. O. Box 2529
    Billings, MT 59103-2529

    Attorneys for Defendant