Jon T. Dyre
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-5292
jdrye@crowleyfleck.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISON

| | | |
|---|---|---|
| HIGH COUNTRY PAVING, INC, | ) | Cause No.: 9:18-cv-00163-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER TO AMENDED** |
| | ) | **COMPLAINT** |
| UNITED FIRE & CASUALTY CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

United Fire & Casualty Co. ("United Fire") answers the Complaint as

follows:

1.      In answering paragraph 1, admits that High Country Paving, Inc. is a

Montana Corporation and provides asphalt paving services but denies the

remaining allegations for lack of knowledge.

2.     Admits the allegations in paragraph 2.

## VENUE AND JURISDICTION

3.     Admits the allegations in paragraph 3.

4.     Admits the allegations in paragraph 4.

5.     Admits the allegations in paragraph 5.

## BACKGROUND AND GENERAL ALLEGATIONS

6.     Admits the allegations in paragraph 6.

7.     In answering paragraph 7, alleges that the best evidence of the coverages provided by the Policy is the Policy itself. United Fire denies any allegations in paragraph 7 that conflict with or are inconsistent with the Policy.

8.     Admits the allegations in paragraph 8.

9.     Admits the allegations in paragraph 9.

10.    Admits the allegations in paragraph 10.

11.    In answering paragraph 11, admits that the Edwards Law Firm sent a letter dated September 15, 2016 to Mark Farris, but alleges that the best evidence of the terms of the letter is the letter itself. United Fire denies any allegations in paragraph 11 that conflict with or are inconsistent with that letter.

12.    Admits that United Fire retained Matovich Keller Murphy P.C., and that Ms. Huso was one of the attorneys retained to, among other things, provide advice regarding coverage issues.

13.    In answering paragraph 13, admits that Katie Huso sent a letter dated November 3, 2016 to the Edwards Law Firm providing requested documents, but alleges that the best evidence of the terms of the letter and the documents provided is the letter itself. United Fire denies any allegations in paragraph 13 that conflict with or are inconsistent with that letter.

14.    In answering paragraph 14, admits that the Edwards Law Firm sent a letter dated November 8, 2016 to Ms. Huso, but alleges that the best evidence of the terms of the letter is the letter itself. United Fire denies any allegations in paragraph 14 that conflict with or are inconsistent with that letter.

15.    In answering paragraph 15, admits that Ms. Huso sent a letter dated November 16, 2016 to the Edwards Law Firm enclosing a copy of the policy, but alleges that the best evidence of the terms of the letter is the letter itself and the enclosure. United Fire denies any allegations in paragraph 15 that conflict with or are inconsistent with that letter.

16.    In answering paragraph 16, admits that Ms. Bohanon sent a letter dated November 30, 2016 to High Country but alleges that the best evidence of the terms of the letter is the letter itself and the enclosure. United Fire denies any allegations in paragraph 16 that conflict with or are inconsistent with that letter.

17.    Admits the allegations in paragraph 17.

18.    Denies the allegations in paragraph 18 for lack of knowledge.

19.    In answering paragraph 19, admits that Ms. Huso sent a letter dated January 13, 2017 with an enclosure to John Edwards, but alleges that the best evidence of the terms of the letter is the letter itself and the enclosure. United Fire denies any allegations in paragraph 19 that conflict with or are inconsistent with that letter or enclosure.

20.    Denies the allegations in paragraph 20.

21.    In answering paragraph 21, admits that on July 12, 2017, at 4:16 p.m. Jeff Tierney sent an email to Ms. Bohanon stating "This firm has been retained by High Country Paving to advise it regarding Claim No. 2520074590, as described on the attached letter. Could you please advise as to the status of the claim and provide me with a complete copy of the relevant policy or policies." The remaining allegations are denied.

22.    Denies the allegations in paragraph 22 for lack of knowledge.

23.    In answering paragraph 23, admits that Mr. Tierney sent an email to Mary Farjadi on July 25, 2017, and that that on July 25, 2017 at 10:32 a.m., Ms. Farjadi sent an email to Mr. Tierney that stated: "We have hired our defense counsel on this claim. Nick Pagnotta is the contact and he can be reached at (406) 721-4350 Ext 201. I have copied him as well on this email. Please reach out to him for the

request for copies of the policies and status update at this time. Thank you." United Fire denies any allegations in paragraph 23 that conflict with or are inconsistent with this email.

24. In answering paragraph 24, denies the allegations that Mr. Pagnotta was "ostensibly" hired to defend High Country against potential tort claims or that he was involved in "coverage issues or determinations" on behalf of United Fire. As to the remaining allegations, Mr. Tierneys's email and Ms. Farjadi's response are the best evidence of the questions asked and the response. United Fire denies the allegations in paragraph 24 that conflict with or are inconsistent with those emails.

25. Denies the allegations in paragraph 25 for lack of knowledge.

26. Denies the allegations in paragraph 26.

27. Admits the allegations in paragraph 27.

28. In answering paragraph 28, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 28 that conflict with or are inconsistent with the terms of the letter.

29. In answering paragraph 29, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United

Fire denies the allegations in paragraph 29 that conflict with or are inconsistent with the terms of the letter.

30.     In answering paragraph 30, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 30 that conflict with or are inconsistent with the terms of the letter.

31.     In answering paragraph 31, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 31 that conflict with or are inconsistent with the terms of the letter.

32.     In answering paragraph 32, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 32 that conflict with or are inconsistent with the terms of the letter.

33.     In answering paragraph 33, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 33 that conflict with or are inconsistent with the terms of the letter.

34.    In answering paragraph 34, alleges that the best evidence of the contents of the October 31, 2017 letter from the Edwards Law Firm is the letter itself. United Fire denies the allegations in paragraph 34 that conflict with or are inconsistent with the terms of the letter.

35.    Denies the allegations in paragraph 35.

36.    In answering the first sentence of paragraph 36, denies that High Country did not have a copy of its policy on October 31, 2017, based on a lack of knowledge. With respect to the allegations that reference the November 30, 2016 letter, United Fire alleges that the best evidence of that letter is the letter itself. United Fire denies the allegations in paragraph 36 that conflict with or are inconsistent with the terms of the letter. The remaining allegations are denied for lack of knowledge.

37.    In answering paragraph 37, United Fire alleges that the best evidence of the various certification dates of the various policies is the policies themselves. United Fire denies the allegations in paragraph 37 that conflict with or are inconsistent with the policies. United Fire alleges that it provided the certified copies of the Commercial Auto and Umbrella polices to Nick Pagnotta on September 5, 2017. United Fire lacks knowledge of when Mr. Pagnotta provided the policy to Mr. Tierney, and therefore denies he provided it on November 1. United Fire admits

that a certified copy of the CGL policy was provided to Katie Huso and the Edwards Law Firm in the fall of 2016.

38. In answering the allegations in paragraph 38, admits that Mr. Tierney sent a letter to United Fire on November 9, 2017 that was copied to Mr. Pagnotta. United Fire lacks knowledge of any other communications between High Country and Mr. Pagnotta on November 9, 2017, and therefore denies any other communications occurred between them on November 9, 2017. With respect to the communications in the November 9, 20107 letter, United Fire alleges that the best evidence of the contents of Mr. Tierney's letter is the letter itself. United Fire denies the allegations in paragraph 38 that conflict with or are inconsistent the terms of the letter.

39. In answering the allegations in paragraph 39, admits that Mr. Tierney sent a letter to United Fire on November 9, 2017, but denies there were any other communications between High Country and United Fire on November 9, 2017. To the extent that the allegations in paragraph 39 were intended to refer to the November 9, 2017 letter, United Fire alleges that the best evidence of the contents of Mr. Tierney's letter is the letter itself. United Fire denies the allegations in paragraph 39 that conflict with or are inconsistent the terms of the letter.

40.     In answering the allegations in paragraph 40, United Fire alleges that the best evidence of the contents of Mr. Tierney's letter is the letter itself.  United Fire denies the allegations in paragraph 40 that conflict with or are inconsistent the terms of the letter.

41.     In answering the allegations in paragraph 41, United Fire alleges that the best evidence of the contents of Mr. Pagnotta's letter to Edwards is the letter itself. United Fire denies the allegations in paragraph 41 that conflict with or are inconsistent the terms of the letter.

42.     In answering the allegations in paragraph 42, United Fire alleges that the best evidence of the contents of Mr. Edward's letter is the letter itself.  United Fire denies the allegations in paragraph 42 that conflict with or are inconsistent the terms of the letter.  The remaining allegations in paragraph 42 are arguments and characterizations, not facts and therefore do not require a response.  The reference to *Ridley* obligations is a vague statement of law, not fact, and does not require a response.  To the extent a response is required, all the allegations in paragraph 42 are denied.

43.     In answering paragraph 43, admits it was advance paying expenses of the Estate of Christine Fogerty and Mary Elgen, but denies the remaining allegations.

44.    Denies the allegations in paragraph 44 as written.  United Fire alleges that the best evidence of the contents of Mr. Pagnotta's letter is the letter itself.  United Fire denies the allegations in paragraph 44 that conflict with or are inconsistent the terms of the letter.  United Fire admits that it consented to High Country's demand that United Fire attempt to settle the claims of Mary Elgen and the Estate of Christine Fogerty by making a policy limits offer to the Edwards Law Firm conditioned on a release of claims against High Country.

45.    Admits that Mr. Pagnotta provided a certified copy of the CGL coverage to High Country on November 17, 2017.  The remaining allegations in paragraph 45 are denied.

46.    Denies the allegations in paragraph 46.

47.    Admits the allegations in paragraph 47.

48.    In answering paragraph 48, United Fire alleges that the best evidence of the contents of the policies are the policies themselves.  United Fire denies the allegations in paragraph 48 that conflict with or are inconsistent the terms of the policies.  United Fire denies the remaining allegations in paragraph 48.

49.    In answering the allegations in paragraph 49, admits that Edwards responded to Mr. Pagnotta by a letter dated November 27, 2017, but denies there were any other responses by Edwards to Mr. Pagnotta on that date due to lack of knowledge.

To the extent the allegations in paragraph 49 are intended to refer to that letter, United Fire alleges that the best evidence of the contents of Mr. Edward's letter is the letter itself. United Fire denies the allegations in paragraph 49 that conflict with or are inconsistent the terms of the letter.

50.     In answering the allegations in paragraph 50, admits that Edwards wrote to Mr. Tierney on November 27, 2017. United Fire alleges that the best evidence of the contents of Mr. Edward's letter is the letter itself. United Fire denies the allegations in paragraph 50 that conflict with or are inconsistent the terms of the letter.

51.     In answering the allegations in paragraph 51, admits that Ms. Huso sent an email to United Fire on November 29, 2017. United Fire alleges that the best evidence of the contents of the email is the email itself. United Fire denies the allegations in paragraph 51 that conflict with or are inconsistent the terms of the email. United Fire denies the characterizations "echoing" and "overreach" in paragraph 51.

52.     In answering the allegations in paragraph 52, admits that Mr. Scharmer sent an email to Ms. Huso on November 29, 2017. United Fire alleges that the best evidence of the contents of the email is the email itself. United Fire denies the

allegations in paragraph 52 that conflict with or are inconsistent the terms of the email.

53.     Denies the allegations in paragraph 53 as written. United Fire admits that Ms. Huso sent an email to Mr. Myer on November 30, 2017. United Fire alleges that the best evidence of the contents of the email is the email itself. United Fire denies the allegations in paragraph 53 that conflict with or are inconsistent the terms of the email. United Fire admits that Mr. Myer sent an email to Ms. Huso on November 30, 2017. United Fire alleges that the best evidence of the contents of the email is the email itself. United Fire denies the allegations in paragraph 53 that conflict with or are inconsistent the terms of the email. United Fire believes the last sentence in paragraph 53 is an incorrect legal argument, not a statement of fact, and therefore does not require a response. To the extent a response is required, the allegations in the last sentence are denied.

54.     The allegations in paragraph 54 incorrect legal arguments, not a statements of fact, and therefore do not require a response. To the extent a response is required, the allegations are denied.

55.     In answering the allegations in paragraph 55, admits that Ms. Huso sent an a letter to Mr. Tierney on December 1, 2017. United Fire alleges that the best evidence of the contents of the letter is the letter itself. United Fire denies the

allegations in paragraph 55 that conflict with or are inconsistent the terms of the letter. To the extent paragraph 55 alleges other responses occurred on that day, the same are denied.

56. In answering the allegations in paragraph 56, admits that Ms. Huso sent an a letter to Mr. Tierney on December 1, 2017. United Fire alleges that the best evidence of the contents of the letter is the letter itself. United Fire denies the allegations in paragraph 56 that conflict with or are inconsistent the terms of the letter.

57. In answering the allegations in paragraph 57, admits that Mr. Tierney sent a letter to Ms. Huso on December 5, 2017. United Fire alleges that the best evidence of the contents of the letter is the letter itself. United Fire denies the allegations in paragraph 57 that conflict with or are inconsistent the terms of the letter.

58. Admits that a conversation between Ms. Huso and Mr. Tierney occurred on December 8, 2017, but denies the allegations in paragraph 58 as an incomplete description of the conversation. United Fire admits that Ms. Huso told Mr. Tierney and Mr. Pagnotta that United Fire intended to pay the remaining limits to settle the claims of Mary Elgen and the Estate of Christine Fogerty without requiring a release of their claims against High Country.

59. In answering paragraph 59, denies that it sidelined Mr. Pagnotta, admits Ms.

Huso accepted the policy limits demand without a release of High Country in accordance with United Fire's duties under Montana law, denies it was cowed by threats of bad faith, denies it placed its interests above the interests of High Country, and denies it abandoned High Country.

60. Denies the allegations in paragraph 60.

61. Admits the allegations in paragraph 61.

62. In answering paragraph 62, denies that United Fire left High Country naked. Upon information and belief, admits that High Country continued to negotiate a settlement and release of its reasonably clear liability in excess of $3,000,000, and paid an additional $1.25 to settle.

63. Denies the allegations in paragraph 63.

64. In answering the allegations in paragraph 64, United Fire admits that Mr. Tierney sent a letter dated December 27, 2017, to Ms. Huso. United Fire alleges that the best evidence of the contents of Mr. Tierney's letter is the letter itself. United Fire denies the allegations in paragraph 64 that conflict with or are inconsistent with the terms of the letter. United Fire denies all allegations in the letter.

65. In answering the allegations in paragraph 65, United Fire admits that Mr. Tierney sent a letter dated December 27, 2017, to Ms. Huso. United Fire alleges

that the best evidence of the contents of Mr. Tierney's letter is the letter itself. United Fire denies the allegations in paragraph 65 that conflict with or are inconsistent with the terms of the letter. United Fire denies the allegation that United Fire's actions left High Country with no choice but to accept Edwards' offer.

66.     Admits the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67 for lack of knowledge.

68.     In answering the allegations in paragraph 68, United Fire admits that Mr. Tierney sent a letter dated May 25, 2018, to United Fire. United Fire alleges that the best evidence of the contents of Mr. Tierney's letter is the letter itself. United Fire denies the allegations in paragraph 68 that conflict with or are inconsistent with the terms of the letter. United Fire denies that Mr. Tierney's letter contained accurate descriptions of the law or facts, and denies all allegations that United Fire acted improperly.

69.     In answering paragraph 69, believes that the allegations are quotes of incorrect statements of law, not fact, from Tierney's letter and therefore do not require a response. To the extent a response is required, the allegations in paragraph 69 are denied.

70. In answering paragraph 70, believes that the allegations are quotes of incorrect statements of law, not fact, from Tierney's letter and therefore do not require a response. To the extent a response is required, the allegations in paragraph 70 are denied.

71. In answering paragraph 71, believes that the allegations are in part quotes of incorrect statements of law, not fact, from Tierney's letter and therefore do not require a response. To the extent a response is required, the allegations in paragraph 71 are denied. United Fire denies it reversed course, denies it received advice from Mr. Pagnotta, and denies it accepted Edwards initial offer.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. In answering paragraph 74, United Fire admits the letter demanded $1.45 million, but denies it has any liability to High Country.

75. In answering the allegations in paragraph 75, United Fire admits that United Fire sent a letter dated June 30, 2018, to Mr. Tierney. United Fire alleges the best evidence of the letter is the letter itself. To the extent that the allegations in paragraph 75 conflict with the letter, they are denied. United Fire denies it did not analyze High Country's letter.

## COUNT I - UNFAIR CLAIM SETTLEMENT PRACTICES

76.    Realleges paragraphs 1-75 in response to paragraph 76.

77.    Believes that the allegations in paragraph 77 are statements of law, not facts, and do not require a response.

78.    Believes that the allegations in paragraph 78 are argumentative and incorrect statements of law, and not facts and therefore do not require a responses. To the extent a response is required, the allegations denied.

79.    Believes that the allegations in paragraph 79 are argumentative are incorrect statements of law, and not facts and therefore do not require a responses. To the extent a response is required, the allegations are too vague and conclusory to be admitted or denied, and are therefore denied.

80.    Denies the allegations in paragraph 80.

81.    Denies the allegations in paragraph 81.

82.    Denies the allegations in paragraph 82.

83.    Denies the allegations in paragraph 83.

84.    Denies the allegations in paragraph 84.

85.    Denies the allegations in paragraph 85.

86.    Denies the allegations in paragraph 86.

## COUNT II – BREACH OF CONTRACT

87. Realleges paragraphs 1-86 in response to paragraph 87.

88. Denies the allegations in paragraph 88.

89. In answering the allegations in paragraph 89, alleges that the best evidence of the coverage provided by the policy is the policy itself. To the extent the allegations in paragraph 89 conflict with the terms of the policy, the same are denied.

90. In answering the allegations in paragraph 90, alleges that the best evidence of Edwards' demand is the demand itself. To the extent the allegations in paragraph 90 conflict with the terms of the demand, the same are denied. United Fire further alleges that alleges that the best evidence of the coverage provided by the policy is the policy itself. To the extent the allegations in paragraph 90 conflict with the terms of the policy, the same are denied.

91. In answering paragraph 91, United Fire alleges that the best evidence of Edwards' demand is the demand itself. To the extent the allegations in paragraph 90 conflict with the terms of the demand, the same are denied. United Fire further alleges that alleges that the best evidence of the coverage provided by the policy is the policy itself. To the extent the allegations in paragraph 91 conflict with the terms of the policy, the same are denied.

92.     The allegations in paragraph 92 are too vague in time to be admitted and are therefore denied.

93.     Admit that on December 1, 2017, Katie Huso mailed and emailed a letter to Mr. Tierney explaining why there was no coverage under the CGL policy. United Fire alleges that the best evidence of the contents of the letter is the letter itself. To the extent the allegations in paragraph 93 conflict with the contents of the letter, the same are denied.

94.     Denies the allegations in paragraph 94.

95.     Believes the allegations in paragraph 95 are statements of law and do not require a response. United Fire denies these statements of law are complete, or that they apply to the United Fire policy.

96.     Denies the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97.

98.     Denies the allegations in paragraph 98.

99.     Denies the allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, United Fire alleges that alleges that the best evidence of the duty to defend provided by the policy is the policy itself. To the extent the allegations in paragraph 100 conflict with the terms of the policy, the same are denied.

101.  Denies the allegations in paragraph 101.

102.  Believes the allegations in paragraph 102 are statements of law and do not require a response.  United Fire denies these statements of law are complete, or that they apply to this case because they are superceded by the Unfair Trade Practices Act.

103.  Believes the allegations in paragraph 103 are statements of law and do not require a response.

104.  Denies the allegations in paragraph 104.

105.  Denies the allegations in paragraph 105.

106.  Denies the allegations in paragraph 106.

## GENERAL DENIAL

107.  United Fire denies any allegation in the Amended Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

1.  The portion of Count II relying on the implied covenant of good faith and fair dealing fails to state a claim upon which relief may be granted.

2.  Both the CGL coverage and the Commercial Auto policy had "Multiple Liability Coverages Limitations Endorsements.  The Endorsement in the CGL coverage stated coverage under the Commercial General Liability coverage part

does not extend to any loss where coverage is provided under the Commercial Auto coverage part. The Endorsement in the Commercial Auto coverage stated coverage under the Commercial Auto coverage part does not extend to any loss where coverage is provided under the Commercial General Liability coverage part. Therefore, there could never be more than $1,000,000 primary coverage.

3.    The Commercial General Liability coverage part contains Exclusion g., "Aircraft, Auto Or Watercraft" which states that the Commercial General Liability does not apply to:

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading." This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion excluded coverage for the claims of the Estate of Christine Fogerty and Mary Elgen under the CGL coverage.

4.      United Fire had a reasonable basis in law or fact for paying the policy limits without obtaining a release of High Country.

5.      United Fire had a reasonable basis in law or fact for concluding there was no coverage under the CGL policy.

6.      United Fire acted reasonably by relying on the advice of counsel in making coverage decisions, evaluating the claims of the Estate of Christine Fogerty and Mary Elgen and in deciding to pay policy limits to settle those claims without requiring a release of High Country.

7.      Neither the primary or excess policies provide coverage for punitive damages.

        WHEREFORE, United Fire asks the Court to:

1.      Dismiss High Country's claims or enter judgment on behalf of United Fire as to all claims;

2.      Enter an order that there could not be coverage for the claims of the Estate of Christine Fogerty and Mary Elgen under both the CGL and Commercial Auto coverages;

3.    Enter an order that there was no coverage for the claims of the Estate of

Christine Fogerty and Mary Elgen under the CGL policy;

4.    Award its costs;

5.    Award such other relief as the Court deems just.

Dated this 18th day of April, 2019.

CROWLEY FLECK PLLP

/s/ Jon T. Dyre
Jon T. Dyre
Attorneys for Defendant