IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HIGH COUNTRY PAVING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED FIRE & CASUALTY CO., <br><br> Defendant. | CV 18–163–M–DWM <br><br> OPINION <br> and ORDER |

This is a bad faith action arising out of a fatal accident involving a vehicle owned by Plaintiff High Country Paving and insured by Defendant United Fire and Casualty Company. United Fire ultimately settled with the third-party victims of the accident for policy limits of $3 million without securing a release for High Country. High Country subsequently settled with the third parties for an additional $1.275 million. High Country sued United Fire, alleging bad faith (Count 1) and breach of contract for failing to pay comprehensive general liability ("CGL") coverage (Count 2). (Doc. 21.) United Fire has asserted an "advice of counsel" defense, (Doc. 26 at 22), and designated attorneys as expert witnesses, (Doc. 32-1).

There are two discovery motions pending. First, High Country seeks to compel United Fire to produce documents currently withheld under claims of either privilege or work-product protections on the ground that United Fire has

1

waived such protections. (Doc. 31.) Second, United Fire seeks to compel production of communications containing any evaluation of the third-party claims against High Country. (Doc. 35.) All the documents identified in the parties' privilege logs have been reviewed *in camera*. (*See* Doc. 71.) For the reasons discussed below, both motions are granted.[1]

## LEGAL STANDARD

A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers. *See Moreno Rivera v. DHA Global Forwarding*, 272 F.R.D. 50, 53–54 (D.P.R. 2011). While the scope of discovery is quite broad, *see* Fed. R. Civ. P. 26(b)(1), otherwise discoverable information may be withheld if it is privileged or protected by the work product doctrine, Fed. R. Civ. P. 26(b)(5)(A). Montana privilege law and federal work product law apply here. *Moe v. Sys. Trans., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010).

Attorney-client privilege is construed narrowly under Montana law. *Am. Zurich Ins. Co. v. Mont. Thirteenth Jud. Dist. Ct.*, 280 P.3d 240, 245 (Mont. 2012). In the bad faith context, privilege is waived when an insurer relies on advice of counsel as a defense, *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895, 907

---

[1] A complete factual background of the case is outlined in the May 9, 2019 Certification Order. (*See* Doc. 27.)

2

(Mont. 1993), or when it names its attorneys as expert witnesses, *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 295 (D. Mont. 1998).

To be protected under the work product doctrine, a document must be "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). The party withholding the documents has the burden to show that *each document* withheld was "prepared or obtained because of the prospect of litigation." *Moe*, 270 F.R.D. at 625 (internal quotation marks and emphasis omitted). Nevertheless, work product protection is not absolute and materials may be discoverable if the opposing party can establish a substantial need for the information and undue hardship in obtaining it by other means. *See* Fed. R. Civ. P. 26(b)(3)(A). Mental impression work product is subject to additional protection, *see id.* 26(b)(3)(B), and a requesting party must show that the "mental impressions are directly at issue in a case and the need for the material is compelling." *Dion*, 185 F.R.D. at 292.

## ANALYSIS

### I. High Country's Motion to Compel

High Country generally requested information and correspondence related to the claim file, with no temporal limitation. (*See* Doc. 32-3.) In response to High Country's discovery requests, United Fire provided a privilege log that includes 36 entries. (*See* Doc. 32-2.) High Country now seeks production of all the items included in United Fire's privilege log except documents related to the collateral

3

criminal proceeding against Mr. Farrin Pearson, the driver involved in the accident giving rise to the case. (*See* Doc. 31 at 2.) Thus, the following documents need not be produced: UF000041–44, 000054–55, 000061–62, 000083–88, 000113–16, 000171–79, 000182–87, 000213–18, 001587, 001588, and 001589. Additionally, it appears that some of the requested documents have already been produced, including: UF000001–02, 000039, 001570, 001571, and 002186–87. The remaining documents in United Fire's privilege log are addressed below.

### A. Privilege

Under Montana law, "[t]he attorney-client privilege applies unless the insurer directly relies on advice of counsel as a defense to the bad faith charge." *Palmer*, 861 P.2d at 907 (internal quotation marks and emphasis omitted). Privilege is also abrogated when an insurer names its attorney as an expert witness. *Dion*, 185 F.R.D. at 295. United Fire, having done both, concedes that it has waived the attorney-client privilege but disputes the scope of that waiver. United Fire argues that the waiver only applies "up until that point in time at which the [underlying] claim . . . was settled," *id.* at 296, which it proposes was December 8, 2017.[2] High Country rejects a temporal limitation, rather insisting on a subject-matter waiver circumscribed only by "considerations of fairness." (Doc. 43 at

---

[2] United Fire repeatedly misstates this date as December 8, 2018 in its discovery responses. (*See* Doc. 32-3.)

4

22–23.) Given the circumstances of this case, High Country's position is more persuasive. Nevertheless, the documents were reviewed *in camera*. *C.f. Palmer*, 861 P.2d at 908 (discussing the consequences when discovery is "erroneously compelled").

United Fire's proposes December 8, 2017, the date United Fire paid the $3 million in policy limits, as the waiver cut-off date. (Doc. 22 ¶ 3(x), (y).) But, High Country did not independently settle with the third-party claimants until almost two months later, during which time United Fire continued to provide a defense. Moreover, the circumstances under which United Fire settled were unique and High Country maintained that United Fire was required to pay any additional settlement amount. United Fire was first told by in-house counsel Katherine Huso that it need not pay the full amount without a release under Montana law. (*See* Doc. 32-7.) Guy Rogers then recommended they do so, (*see* Doc. 32-1 at 6), and Ms. Huso ultimately agreed, (*id.* at 7–9). Thus, which "advice of counsel" United Fire relied upon is very relevant to its defense. December 8, 2017, is therefore rejected as the cut-off date for United Fire's attorney-client privilege waiver.[3]

---

[3] Notably, it does not appear that United Fire has withheld any documents prior to December 27, 2017, which is the date High Country sent United Fire a letter demanding it pay the excess $1.275 million to settle the case. (*See* Doc. 32-4.)

5

The next possible waiver cut-off date is February 5, 2018, the date that High Country settled with the third-party claimants for an additional payment of $1.275 million. (Doc. 22 at ¶ 3(ee).) This date marks the final release and end of the third-party claimants' action against High Country. Thus, consistent with United Fire's own argument, this is a better estimation of the point in time at which the underlying claim was settled. *See Dion*, 185 F.R.D. at 296. But, in *Dion*, the insurer did not assert an "advice of counsel" defense. *Id.* at 295. If it had, the court indicated that "any and all communication with its attorney would clearly be discoverable." *Id.* Thus, *Dion* supports a broader interpretation of the waiver when advice of counsel has been invoked. This cut-off date is also rejected.

Finally, August 21, 2018, marks the date that High Country filed the present bad faith suit in state court. (Doc. 1-1.) Generally, the filing of bad faith action provides a clean demarcation between the underlying suit and the bad faith suit. But, as argued by High Country, United Fire has also named its attorneys as expert witnesses and potentially corresponded with them in that capacity since the lawsuit was filed. This further erodes United Fire's reliance on a narrow temporal limitation. *See Dion*, 185 F.R.D. at 295; *Aspex Eyewear v. E'Lite Optik*, 276 F. Supp. 2d 1084, 1095–96 (D. Nev. 2003). So while August 21, 2018 provides a general timeframe for when documents and correspondence tend to sound more in the bad faith rather than the underlying case, there is a possibility that the waiver

6

extends beyond this date. As discussed above, United Fire's litigation decisions have resulted in a broad waiver of correspondence at the time the underlying decision was made (based on the advice of counsel defense) and in the present (based on its naming of counsel as hybrid witnesses). Because the more recent documents potentially implicate the current litigation, however, *in camera* review of those documents was performed.

**B. Work Product**

High Country also argues that any other United Fire work product is discoverable either in light of the waiver discussed above, or if the protection still exists, in light of the compelling need in this case. *See* Fed. R. Civ. P. 26(b)(3)(A).

As the party withholding the documents, United Fire has the burden to show that *each document* withheld was "prepared or obtained because of the prospect of litigation." *Moe*, 270 F.R.D. at 625 (internal quotation marks and emphasis omitted). In its sur-reply, United Fire indicates that it has since disclosed those documents withheld "solely on the basis of work product privilege." (Doc. 63 at 6.) It is therefore unclear whether United Fire is maintaining a work product justification for withholding any of the documents in its log.

To the extent that it is, work product protection extends only to those documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). Consequently, United Fire does not seek protection for materials prior to

7

December 27, 2017, which is the date it received a letter from High Country threatening a bad faith suit. (*See* Doc. 32-4.) Materials prepared after this date were "prepared with an eye toward eventual bad faith litigation" and are thus subject to work product protections. *Palmer*, 861 P.2d at 910. These materials are discoverable only if High Country can show a substantial need for the documents and that they cannot, without undue hardship, be obtained elsewhere. Fed. R. Civ. P. 26(b)(3)(A)(ii). For opinion work product, High Country "must show that the mental impressions are directly at issue in a case and the need for the material is compelling." *Moe*, 270 F.R.D. at 627 (internal quotation marks omitted).

Here, the nature of High Country's bad faith claims "necessarily creates a compelling need to discover the full context in which the insurer handled the underlying claim." *Id.* (internal quotation marks omitted). Additionally, United Fire's reliance on an advice of counsel defense has placed "the attorney's mental impressions and opinions . . . directly at issue in the case." *Id.* at 628. Therefore, United Fire is required to disclose work product related to the underlying claim.

### C. Conclusion

Accordingly, United Fire is required to produce the following documents:

- UF000100, 000102
- UF001569
- UF001615
- UF001627
- UF001645–46
- UF001650–55
- UF002027
- UF002079
- UF002083
- MKH000207
- MKH000222–23, 000318
- MKH000243–45

- MKH000257
- MKH000301–02
- MKH000303
- MKH000319, 606
- MKH000336–38
- MKH000623–24
- MKH000660

The following documents involve the current litigation and need not be produced: UF002028–35; MKH000094–95, 000299–300, 000563–64.

## II. United Fire's Motion to Compel

United Fire seeks discovery regarding High Country's reasonable belief of the settlement value of the case. United Fire believes that High Country's internal assessments "will corroborate" United Fire's valuation, (Doc. 36 at 7), and therefore seeks to compel production of "communications containing any evaluation of the claims" against High Country in the underlying case, (Doc. 35). In response to United Fire's discovery requests, High Country provided a privilege log, identifying nine responsive documents, including a group text containing numerous entries, (*see* Doc. 36-1.) High Country invokes work product protection for all of the withheld items and attorney-client privilege more selectively. (*Id.*) United Fire argues that High Country waived any such protection by naming its attorneys as witnesses and relying on letters containing the attorneys' opinions and valuations as evidence in the case. United Fire does not seek disclosure of any documents regarding claims against United Fire.

9

## A. Privilege

Unlike United Fire, High Country has not designated its attorneys as expert witnesses. As discussed above, had it done so, their opinions and the grounds upon which they were based would be discoverable. *Dion*, 185 F.R.D. at 295. What High Country has done, however, is rely on letters prepared by its counsel in the underlying settlement to outline the factual narrative for the case and the basis for High Country's claim that United Fire should not have settled for policy limits without first procuring a release of its insured. High Country is correct that "[m]ere reference to privileged reports is not enough to waive the attorney-client privilege." *Palmer*, 861 P.2d at 908. However, United Fire has shown that High Country has "inject[ed] into . . . litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." *Dion*, 185 F.R.D. at 294 (internal quotation marks omitted) (alteration in original). Pursuant to *Dion*, "[t]he doctrine of waiver by implication reflects the notion that the attorney-client privilege was intended as a shield, not a sword." *Id.* (internal quotation marks omitted). High Country cannot place its attorneys' letters and valuations of the underlying case directly at issue and then refuse to disclose their basis. Even though High Country has not named its attorneys as experts, it has "affirmatively raise[d] the issue involving privileged communications." *Id.*

Because High Country's reliance on the letters of its counsel in arguing its theory of the case goes beyond mere factual recitation, *see Palmer*, 861 P.2d at 907–08, it has waived its attorney-client privilege for documents and correspondence related to its evaluation of the underlying claim. As was the case with United Fire's documents, however, *in camera* review was necessary to ensure documents did not contain either irrelevant attorney-client communications or correspondence regarding the present lawsuit. Additionally, some entries in High Country's privilege log are vague and required additional review.

**B.     Work Product**

There is no dispute that such evaluations were prepared in "anticipation of litigation." *See Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, No. 08-23343-CIV, 2011 WL 3918597, at *4 (S.D. Fla. Sept. 6, 2011) ("[I]n diversity cases, federal work product immunity extends to documents prepared in anticipation of underlying state court litigation."). United Fire maintains, however, that it can show that the materials are relevant and necessary and cannot be obtained elsewhere. *See* Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii). Because they include mental impressions and opinions of counsel, Untied Fire must also show a "compelling need." *Moe*, 270 F.R.D. at 627. It has done so.

As argued by United Fire, the materials are relevant to High Country's dispute regarding the valuation of the underlying third-party claim. High Country

has brought this bad faith law suit alleging that United Fire improperly valued and settled the case. High Country's "attorneys' opinions regarding the nature of the underlying parties and claims, as well as the apportionment of legal exposure that contributed to the final settlement amounts, go directly to the issue" of United Fire's decision to settle without obtaining a release. *Maplewood Partners, L.P.*, at *8. By challenging the reasonableness of United Fire's settlement decision, High Country has put at issue its attorneys' assessments of its legal liability. And, other than the letters United Fire received from High Country that are already in the record, there is no other source for such information.

Accordingly, work product protection has been waived as to documents addressing the High Country's evaluation of the underlying claims.

### C. Conclusion

High Country is therefore required to produce the following documents:

- HCP004256–59
- HCP004260–61
- HCP004262–69
- HCP004270–71
- HCP004272–74
- HCP004275
- HCP004276–78
- HCP004279–82

The group text listed as Item No. 9 on High Country's privilege log raises a more difficult question. To the extent portions have been withheld under the work product doctrine, United Fire has shown that disclosure is warranted. *See* Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii); *Moe*, 270 F.R.D. at 627. Privilege raises a more

difficult question. "The attorney-client privilege protects confidential communications between an attorney and client during the course of the professional relationship." *Nelson v. City of Billings*, 412 P.3d 1058, 1068 (Mont. 2018) (citing Mont. Code Ann. § 26–1–803). Here, however, the group text does not include any direct communication with counsel. Rather, the text is between five members of the Swenson family who, at times, discuss what High Country's attorneys requested or advised. Based on *in camera* review, however, all communication that could be considered subject to the attorney-client privilege relates specifically to High Country's evaluation of the underlying case. As discussed above, High Country has waived its privilege as to that topic area. Accordingly, High Country must disclose the group text messages included in Item No. 9. However, United Fire has indicated that it is not requesting any work product or privileged information related to a potential bad faith case against United Fire. High Country may therefore redact individual entries relating solely to a bad faith case against United Fire.

### III. Fees and Costs

Generally, if a motion to compel discovery is granted, the court "must" order the losing party to pay the opposing party's reasonable fees and costs associated with the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Accordingly, this Court's Scheduling Order requires attorneys provide notice to their client regarding the

13

potential consequences of filing such a motion. (*See* Doc. 22 at ¶ 7a.) Neither party did so. (*See* Docs. 72, 73.) However, Rule 37 provides that payment should not be ordered if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Here, the parties are of a mind that they are both right and they are both wrong, thus the Court should not award fees on either motion. (*See* Doc. 74.) In light of the parties' stipulation and their failure to comply with this Court's Order, fees will not be awarded.

## CONCLUSION

Based on the forgoing, IT IS ORDERED that both motions to compel (Docs. 31, 35) are GRANTED. Each party shall disclose the documents identified above to the opposing party within ten (10) days of the date of this Order.

DATED this 4th day of November, 2019.

Donald W. Molloy, District Judge
United States District Court