IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| HIGH COUNTRY PAVING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED FIRE & CASUALTY CO., <br><br> Defendant. | CV 18–163–M–DWM <br><br><br> OPINION <br> and ORDER |

This is a bad faith case arising out of a fatal accident involving a vehicle owned by Plaintiff High Country Paving and insured by Defendant United Fire and Casualty Company. United Fire ultimately paid policy limits to the third-party victims of the accident—the policy limits are $3 million—but settled without securing a release for High Country, its insured. High Country then settled with the same injured third parties for an additional $1.275 million over and above the policy limits. High Country sued United Fire, alleging bad faith for settling without a release (Count 1) and breach of contract for failing to pay the excess under the comprehensive general liability ("CGL") coverage (Count 2). (Doc. 21.) Summary judgment motions are pending on both the issues raised in the counts of the complaint.

1

The case was stayed on December 3, 2019, pending resolution of a certified question at the Montana Supreme Court and a writ of mandamus at the Ninth Circuit Court of Appeals. (*See* Doc. 87.) On December 31, 2019, the Montana Supreme Court issued its decision. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, Slip Op. No. 19-0283, 2019 WL 7374362 (Mont. Dec. 31, 2019); (Doc. 88). The opinion clarifies Montana law regarding an insurance company's obligations when catastrophic injury may exceed insurance limits in a clear liability case. It is now appropriate to address the pending summary judgment motions. Accordingly, the stay is lifted for that limited purpose.

## LEGAL STANDARD

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248.

ANALYSIS

I. **Reasonable Basis in Law (Count 1)**

An insurer may not be held liable under Montana's Unfair Trade Practices Act "if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue." Mont. Code Ann. § 33–18–242(5). Accordingly, United Fire seeks two rulings: (1) that it had a reasonable basis in law to pay policy limits to the third-party claimants without conditioning payment on a release, and (2) it "did not have a duty to assist High Country in leveraging a release of claims from" the injured and deceased third-party claimants. (Doc. 45 at 1–2.) High Country argues that "United Fire's request for relief overreaches its argument." (Doc. 65 at 11.) High Country also criticizes United Fire's attempt to "weaponiz[e] this Court's certification of a question of state law to the Montana Supreme Court." (*Id.* at 8.)

If a jury finds that the reasonable settlement value of this case exceeded $3 million, United Fire had a reasonable basis in law for settling without a release for its insured before it paid policy limits. However, because that factual dispute remains, a legal ruling is contingent on a jury's factual determination given the circumstances of the case.

High Country raises a number of concerns regarding United Fire's motion. First, High Country emphasizes that a "reasonable basis" defense only applies to

3

bad faith claims. *See State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 411–12 (Mont. 2013) ("A breach of contract cannot be ameliorated by the reasonableness of the breaching party's actions."). United Fire agrees. Second, High Country argues that the "reasonable basis" defense only applies to the extent an insurer denies or contests an insurance claim or the amount of an insurance claim. United Fire did neither. This argument is unpersuasive, however, as the Montana Supreme Court has upheld such a defense in two of the most prominent cases involving settlement releases. *See Watters v. Guaranty Nat'l Ins. Co.*, 3 P.3d 626, 639 (Mont. 2000); *Shilhanek v. D-2 Trucking, Inc.*, 70 P.3d 721, 726–27 (Mont. 2003).

Nevertheless, United Fire, as the party asserting the reasonable basis defense, has the burden of establishing it by a preponderance of the evidence. *Watters*, 3 P.3d at 639. "[A]lthough the determination of whether a party acted reasonably [i]s typically a question of fact for the jury, whether an insurer was reasonable in its interpretation of legal precedent in its *coverage* determination [i]s a question of law for the court[.]" *State Farm*, 312 P.3d at 418–19 (emphasis added). "To determine whether an insurer had a reasonable basis in law for contesting the claim or the amount of the claim it is necessary first to survey the legal landscape as it existed during the relevant time period." *Id.* at 418 (cleaned up). "Then, the court must assess the insurer's proffered defense in light of that

4

legal landscape." *Id.* at 419. "In the absence of caselaw on point, 'the determinative question' is whether the law in effect at the time, caselaw or statutory, provided sufficient guidance to signal to a reasonable insurer that" the grounds for its actions "were not meritorious." *Id.*

United Fire's in-house counsel, Katherine Huso, originally advised United Fire that "[n]o Montana court has ever required an insurer to advance pay general damages without a full and final release of its insured." (Doc. 66-12.) United Fire sought additional guidance, however, from Guy Rogers, an experienced insurance attorney. (*See* Doc. 46 at ¶ 8.) Mr. Rogers advised United Fire's Chief Legal Counsel and Vice President Neal Scharmer that "the duty to settle is not limited to situations where medical expenses or special damages exceed policy limits" and the "reasonable settlement value of the claims in question exceeded" the policy limits of $3 million. (*Id.* at ¶¶ 22, 23.) Ms. Huso then spoke to Mr. Rogers and she ultimately agreed with his opinion. (*Id.* at ¶ 24.)

The "legal landscape" of Montana's advance payment and settlement jurisprudence lends credence to United Fire's decision to pay policy limits without obtaining a release. As discussed more thoroughly in the Certification Order, both *Watters* and *Shilhanek* determined that "an insurer must, under certain circumstances, pay policy limits without a full and final release for its insured." *Watters*, 3 P.3d at 639; *Shilhanek*, 70 P.3d at 727. Given Montana case law, it is

5

likely there was a reasonable basis for United Fire to believe that it was required to settle.

United Fire's interpretation of the law is bolstered by the Montana Supreme Court's answer to the certified question, which explains that the duties surrounding settlement are, and always have been, distinct from those regarding *Ridley* payments. Slip Op. at ¶ 25. The Court held that "[a]n insurer does not breach its duty [to] its insured when it pays policy limits to an injured third party, without a release for its insured, after a motor vehicle accident when both liability for the accident is reasonably clear and it is reasonably clear that total damages caused by the insured exceed policy limits." *Id.* at ¶ 30.

But High Country continues to dispute the value of the third-party claims.[1] Once again, United Fire does not disagree, explaining that it is *not* asking the Court to find that High Country's liability exceeded policy limits as a matter of law. Rather:

> If the jury finds that liability in excess of policy limits was reasonably clear, the next issue will [be] how that finding affected the duties United Fire owed to High Country and/or [the third-party] claimants. The existence and scope of a duty is a question of law. Whether United Fire had a reasonable basis for concluding its duty was to pay policy limits without a release is also a question of law that can and should be decided now.

---

[1] While an issue on discovery is pending at the Ninth Circuit, it is clear under the Montana Supreme Court decision that High Country's officers and agents had opinions about the third-party claims' potential excess value and their own underinsured status that critically impact evidentiary issues in the case.

6

(Doc. 45 at 3.) Ultimately, while United Fire is correct that the question of whether it had a duty to get a release prior to paying policy limits is a legal question, a jury must first determine whether United Fire's valuation of the case was reasonable. Therefore, the issue is more properly resolved on a motion for judgment as a matter of law after the proof is in, rather than on a motion for summary judgment before trial. United Fire's motion is denied subject to renewal under Rule 50.

### B. Leveraging

United Fire further requests that this Court find that it "did not have a duty to assist High Country in leveraging a release of claims from [the third-party claimants]." (Doc. 45 at 2.) This conclusion is concomitant with United Fire's duty vis-à-vis a release. *See* Slip Op. at ¶ 26. As a result, there is no separate finding on the question of "leveraging."

## II. CGL Coverage (Count 2)

The policy High Country purchased from United Fire included CGL coverage in the amount of $1 million per occurrence. (Doc. 41-1 at 5.) But United Fire determined there was no CGL coverage in light of two policy exclusions: the "Aircraft Auto or Watercraft" exclusion and the "Multiple Liability Coverages Limitation" endorsement. (*See* Huso Letter (Dec. 1, 2017), Doc. 41-4.) The exclusions foreclose the application of the CGL policy when the incident arose out

of the use of an "auto," (Doc. 41-1 at 16), or where coverage is provided under the commercial auto policy, (*id.* at 63), respectively. High Country argues that the CGL policy is "facially noncompliant" with the Montana Property and Casualty Insurance Policy Language Simplification Act because it does not contain either a table of contents or a notice of important provisions, making the exclusions unenforceable. *See* Mont. Code Ann. § 33–15–337(2). United Fire disagrees and insists that the policy exclusions unambiguously apply.

A plain reading of the CGL policy shows that the words of the policy exclusions unambiguously exclude coverage under these circumstances. *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005). But a plain reading of *Montana Petroleum Tank Release Compensation Board v. Crumleys, Inc.*, delivers an especially unambiguous proclamation that those exclusions cannot be enforced. 174 P.3d 948, 959 (Mont. 2008). Ultimately, "the fatal problem with the policy is its failure to conform to the requirements of the Act." *Id.* High Country summarily prevails on Count 2.

## Conclusion

Accordingly, IT IS ORDERED that United Fire's motion for summary judgment on Count 1 (Doc. 44) is DENIED subject to renewal as a motion for judgment as a matter of law contingent on a favorable factual finding at trial.

IT IS FURTHER ORDERED that High Country's motion for summary judgment on Count 2 (Doc. 39) is GRANTED and United Fire's motion (Doc. 48) is DENIED.

The trial remains stayed pending the outcome of the mandamus action at the Ninth Circuit.

DATED this 3rd day of January, 2020.

15:59 P.M.

Donald W. Molloy, District Judge
United States District Court