IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HIGH COUNTRY PAVING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED FIRE & CASUALTY CO., <br><br> Defendant. | CV 18–163–M–DWM <br><br><br><br> ORDER |

This is a bad faith action arising out of a fatal accident involving a vehicle owned by Plaintiff High Country Paving and insured by Defendant United Fire and Casualty Company. A complete factual background is provided in the Court's Certification Order, (Doc. 27), and a procedural history is outlined in this Court's April 17, 2020 Order, (Doc. 95). In the present motions, High Country seeks to supplement its pleadings with bad faith allegations related to the denial of comprehensive general liability ("CGL") coverage, (Doc. 101), and United Fire seeks summary judgment on the same, (Doc. 106). Both motions are denied.

ANALYSIS

I.  **Motion to Supplement**

Pursuant to Rule 15(d), the court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

1

happened after the date of the pleading to be supplemented." Unlike amendment under Rule 15(a), Rule 15(d) solely deals with events after the initial pleading date. Moreover, Rule 15(d) applies to subsequent *factual* events, not changes in law. *United States v. Hicks*, 283 F.3d 380, 385–86 (D.C. Cir. 2002). Such motions are assessed for undue delay or dilatory motive. *Keith v. Volpe*, 858 F.2d 467, 473, 475 (9th Cir. 1988).

Here, High Country filed its amended complaint on March 29, 2019. (Doc. 21.) It now seeks to supplement that pleading with allegations related to how United Fire handled its claim for CGL coverage. (*See* Doc. 101-1.) That motion is denied because some of the proposed supplemental allegations do not fall within the narrow confines of Rule 15(d) and, those that do, are not admissible to prove bad faith in the context of this case.

First, the proposed allegations in paragraphs 75A, 75B, 75H, 86B, 86C and part of 86D existed at the time of the March 2019 pleading and the other part of paragraph 86D alleges a change in law, not fact. Second, High Country's remaining supplementation regards United Fire's conduct as the litigation has progressed. In Montana, in limited circumstances an insurer's conduct that occurs during bad faith litigation can be challenged in the same lawsuit. *See Federated Mut. Ins. Co. v. Anderson*, 991 P.2d 915, 921–22 (Mont.1999), *abrogated on other grounds by Citizens Awareness Network v. Mont. Bd. of Envtl. Review*, 227 P.3d

583, 587 n.2 (Mont.2010). However, "the continuing duty of good faith does not necessarily render evidence of an insurer's postfiling conduct admissible." *Id.* at 922. To the contrary, "[p]ublic policy favors the exclusion of such evidence under normal circumstances because it can hinder the right to defense and can impair access to the courts; therefore, courts must use extreme caution in deciding to admit such evidence even if relevant." *Id.* "Generally, an insurer's litigation tactics and strategy for defending a claim are not relevant to the decision to deny coverage." *Id.* Nevertheless, the filing of a meritless appeal is "not legitimate litigation conduct" and may be presented in a bad faith case. *Id.* On the other hand, a legitimate course of conduct to preserve appeal rights is not bad faith conduct.

    High Country alleges United Fire has acted in bad faith by refusing to pay out under the CGL policy despite this Court's summary judgment ruling. High Country argues that United Fire is now trying to use a potential appeal of that ruling to leverage the parties' existing bad faith claim. But that appeal would not be meritless. Although this Court determined the two exclusions cited by United Fire are unenforceable under Montana's Policy Simplification Act, United Fire genuinely disputes whether the provisions at issue qualify as "important provisions" under the statute. Given the limited guidance on this question, United Fire is justified in seeking appellate review. As a result, evidence or testimony

3

related to United Fire's post-filing conduct—as alleged in the proposed supplement—would not be admissible at trial even if supplementation is permitted.

Moreover, United Fire argues that High Country is judicially estopped from asserting that $4 million in coverage should have been offered because High County has consistently argued that United Fire engaged in bad faith by valuing the claims over $3 million. United Fire's position is persuasive.

"Federal law governs the application of judicial estoppel in federal courts." *Johnson v. St., Or. Dep't of Human Resources, Rehab. Div.*, 141 F.3d 1361, 1364 (9th Cir. 1998). Judicial estoppel is the equitable doctrine that precludes a party from asserting one position and later seeking an advantage by taking a clearly inconsistent position. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). In determining whether judicial estoppel applies, several factors are to be considered:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations . . . and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

4

*New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal citations and quotation marks omitted).

With respect to the first factor, "[High Country] has claimed for over two years that it was *not* reasonably clear that [its] liability exceeded $3,000,000." (Doc. 112 at 8.) Now High Country takes the position that United Fire should have initially paid out $4 million in coverage. (*See* Doc. 101-1 at 4.) Those two positions are "clearly inconsistent." *New Hampshire*, 532 U.S. at 750. Regarding the second factor, High Country's dispute over the value of the case was adopted by the Montana Supreme Court when it answered the certified question. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 454 P.3d 1210, 1212–15 (Mont. 2019). This Court also determined the value of the of claims is a disputed factual question based on High Country's arguments. (*See* Doc. 89 at 7.)

Finally, High Country would derive an unfair advantage if allowed to proceed on this theory because it would recover regardless of whether United Fire were successful in arguing the reasonable settlement value of the case. Put differently, if United Fire failed to show the value of the case reasonably exceeded $3 million, High Country would recover on its bad faith claim related to its other coverages. But, if United Fire successfully showed that the value of the case exceeded $3 million, High Country would recover on its bad faith claim related to

5

the CGL coverage. As a result, United Fire would essentially be litigating against its own interest.

Based on the foregoing, High Country's motion to supplement is denied. Notably, if High Country's proposed allegations were permitted to proceed, they may also amount to a judicial admission regarding the value of the underlying case. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

## II. Motion for Partial Summary Judgment

Because High Country's motion to supplement is denied, United Fire's motion for partial summary judgment regarding bad faith related to the CGL claim is moot.

## CONCLUSION

Accordingly, IT IS ORDERED that High Country's motion to supplement (Doc. 101) is DENIED. United Fire's motion for partial summary judgment (Doc. 106) is therefore DENIED as MOOT.

DATED this 10th day of June, 2020.

Donald W. Molloy, District Judge
United States District Court

11:40 A.M.